UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                      **DECISION AND ORDER**
                                                08-CR-136S

WAYNETTE CAMEL,

                    Defendant.

On January 26, 2009, Defendant Waynette Camel pleaded guilty to Count 23 of the indictment, which charged her with committing mail fraud, in violation of 18 U.S.C. § 1341. (Docket Nos. 24, 25.) On July 1, 2009, this Court sentenced Camel to a 1-year term of probation. (Docket Nos. 29, 32.)

Through a pro se motion filed on December 26, 2023, Camel now seeks expungement or sealing of her conviction. (Docket No. 34.) She maintains that relief is warranted because she has led a law-abiding life since her conviction, has maintained employment, and now wishes to enhance her employment prospects by becoming a notary. Camel, however, does not fall within any of the narrow categories where expungement or sealing of a federal conviction is permitted.

In Doe v. United States, the United States Court of Appeals for the Second Circuit held that federal courts lack both subject-matter and ancillary jurisdiction to entertain motions to expunge valid federal convictions. 833 F.3d 192, 196-200 (2d Cir. 2016). While Congress has granted federal courts jurisdiction to entertain expungement motions in certain limited circumstances, none of those circumstances apply here. See, e.g., 18

1

U.S.C. § 3607 (c) (Federal First Offender Act); 28 U.S.C. § 1651 (*coram nobis* under the All Writs Act).  Nor does Camel's request fall within the court's expungement authority under the habeas corpus or civil rights statutes.  See Smalls v. United States, 19 MC 70 (KAM) (CLP), 2022 WL 2441741, at *1 (E.D.N.Y. June 6, 2022) (discussing a district court's limited expungement authority).

Consequently, no matter the merits of Camel's motion, it must be denied for lack of jurisdiction.[1]  See Rosado v. United States, No. 02 CR 0464, 2019 WL 1585204, at *2 (E.D.N.Y. Apr. 12, 2019) (finding that except in limited circumstances authorized by Congress, district courts lack subject-matter jurisdiction over motions to expunge or seal a valid federal conviction).

IT HEREBY IS ORDERED, that Defendant's Motion to Expunge or Seal (Docket No. 34) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Defendant Waynette Camel, 125 Galleria Drive #1741, Cheektowaga, NY 14225, and to update her address of record accordingly.

SO ORDERED.

Dated: January 16, 2024
       Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge

---

[1] Without expressing any opinion, this Court notes that a process for issuance of certificates of relief from disabilities exists under New York state law.  See N.Y. Corr. Law § 703 (1)(b) (providing that a certificate of relief from disabilities may issue to "any eligible offender who resides within [New York] and whose judgment of conviction was rendered by a court in any other jurisdiction").

2